ORLANDO M. BOGART AND OTHERS, PLAINTIFFS AND APPEL-
LANTS, v. JOHN A. SWEZEY AND JOSEPH DART,
DEFENDANTS.

DEERING, MILLIKEN & CO., SUBSEQUENT ATTACHING
CREDITORS, RESPONDENTS.

*Attachment — Code of Civil Procedure, sec. 638 — The summons must be served per-
sonally or by publication within thirty days — a substituted service of it under
section 435 of the Code of Civil Procedure is not sufficient.*

Substituted service of the summons, in pursuance of an order made under sec-
tion 435 of the Code of Civil Procedure, is not a service of the summons
within the meaning of section 638 of the said Code requiring personal
service of the summons to be made upon a defendant, against whose property
a warrant of attachment has been granted, within thirty days from the grant-
ing thereof, or that before the expiration of the same time "service of the
summons by publication must be commenced" and made complete by the
continuance thereof.

APPEAL from an order, made at a Special Term upon the motion
of subsequent lienors, vacating an attachment granted herein on the
ground of a failure to personally serve or publish the summons as
to one of the defendants as required by section 638 of the Code of
Civil Procedure.

The plaintiffs produced proof of the substituted service of the
summons made in due time, pursuant to an order for such service
duly granted under section 435 of the Code of Civil Procedure, and
contended that such service was equivalent to the publication of the
summons and fully satisfied the requirements of section 638.

*J. J. Adams*, for the appellants.

*B. F. Blair*, for the respondents.

BY THE COURT:

By section 638 of the Code it is provided that a warrant of
attachment may be granted by a judge of the court or by any
county judge to accompany the summons, or at any time after the

commencement of the action and before final judgment. The section then declares that personal service of the summons must be made upon the defendant against whom the warrant is granted, within thirty days after the granting thereof, or else before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the State, pursuant to an order obtained therefor, and if publication has been or is thereafter commenced, the service must be made complete by the continuance thereof. In this case no order for service of summons by publication was obtained, but an order for substituted service was obtained under section 435 of the Code.

The only question is, whether the requirements of section 638 are satisfied by the order of substituted service, and service thereunder. The provisions of section 638 have been strictly construed by all the cases in which any question under them has arisen. (*Blossom* v. *Estes*, 22 Hun, 472 ; *Donnell* v. *Williams*, 21 Hun, 217 ; *Mojarietta* v. *Saenz*, 58 How., 505.)

The language of the section is very plain. It requires one of two modes of service, to wit, personal service or service by publication. It says nothing of substituted service. These three modes of service are equally well known to the Code. The express mention of two and the omission of all reference to the other, leads to the inference that the legislature intended to exclude the mode not named. Neither of these three modes of service is the precise equivalent of the other, although section 437 of the Code declares that on filing an affidavit showing service according to the order for substituted service, the summons is deemed served, and the same proceedings may be taken thereupon as if it had been served by publication. It was held in *Orr* v. *McEwen* (16 Hun, 625) that substituted service is equivalent to personal service so far as it affects the right to enter judgment. But there is nothing in the section or in the case just cited which goes so far as to hold that it is sufficient to satisfy the requirements of section 638, in order to uphold the provisional remedy of attachment.

. The proceedings to obtain the order for substituted service are not the same as those required for service by publication. In the former case the order must be made either by the court or a judge thereof, or the county judge of the county where the action is

triable. In the latter the order can only be made by a judge of the court, or the county judge of the county where the action is triable. The court has no power to make the order. In the former case the order may be made, when a summons is issued in any court of record when it appears by the affidavit of a person not a party to the action, or by the return of the sheriff of the county where the defendant resides, that proper and diligent effort has been made to serve the summons upon the defendant, and that the place of his sojourn cannot be ascertained, or if he is within the State that he avoids service so that personal service cannot be made. (Sec. 435 of the Code.) In the latter case the order must be founded upon the verified complaint, showing a sufficient cause of action against the defendant and proof by affidavit of the additional facts required by section 438, and other facts named in section 439. The orders prescribe different modes of service, and in the latter the publication must be continuous, at least once a week for six weeks in the newspapers designated by the judge, in addition to the service by mail at the place specified in the order.

These different modes of obtaining the order and of making service may perhaps have operated to prevent the legislature from regarding substituted service as sufficient to uphold the attachment.

But whatever may have been the operating reason, it is perfectly apparent that such service is not embraced in the language of section 638. It does not seem to us, therefore, that we have power to treat it as a compliance with the requirements of that section.

The order should be affirmed, with ten dollars costs and disbursements.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order affirmed, with ten dollars costs besides disbursements.